UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS E. GARCIA,
and other similarly-situated individuals,

    Plaintiff,

v.

CATALINA HOTEL, LLC
and NATHAN LIEBERMAN
individually,

    Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CARLOS E. GARCIA and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants CATALINA HOTEL, LLC and NATHAN LIEBERMAN, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CARLOS E. GARCIA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

3. Defendant CATALINA HOTEL, LLC (hereinafter CATALINA HOTEL) is a Florida corporation which has its place of business in Miami-Dade County within the jurisdiction of this Court. At all times material, hereto Defendant was and is engaged in interstate commerce.

4. The individual Defendant NATHAN LIEBERMAN was and is now, the owner/partner/director and general manager of CATALINA HOTEL. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after August 2014, (the "material time") without being compensated minimum and/or overtime wages pursuant to the FLSA.

7. Corporate Defendant CATALINA HOTEL is a hotel located at 1756 Collins Avenue, Miami Beach 33139. Defendant operates the "Maxine's Bistro & Bar" at the same location, where Plaintiff worked.

8. Defendant CATALINA HOTEL employed Plaintiff CARLOS E. GARCIA from approximately April 4, 2009, through May 24, 2017, or more than 8 years. However, for FLSA purposes the relevant time of employment is 68 weeks.

9. Plaintiff's relevant period of employment begins on February 2016, to his last day of employment May 24, 2017, period in which Plaintiff was paid a salary. Previously to February 2016, Plaintiff was paid by the hour, and he received overtime payment.

10. Plaintiff was a non-exempt, full-time employee, working more than 40 hours every week period. However, Defendants failed to compensate Plaintiff for every overtime hour worked, as required by the Fair Labor Standards Act.

11. Plaintiff was paid a salary of $673.08 from February 2016 to March 31, 2017 (60 weeks); and $903.84 from April 1, 2017 to May 24, 2017 (8 weeks). Plaintiff's paystubs did not show the real number of hours worked, they showed only 40 hours per week.

12. Plaintiff is not in possession of time records, but as per his recollections, during the relevant period, he worked a regular schedule for approximately 8 weeks. With this regular schedule, Plaintiff worked from Wednesday to Sunday (5 days), from 7:00 AM to 6:00 PM (11 hours), or an average of 55 hours per week.

13. After that period, Plaintiff had a completely irregular schedule, and he worked weeks of 5 days and 6 days, but he always worked an average of 55 hours or more. Plaintiff was unable to take bona fide lunch time periods.

14. Plaintiff clocked in and out every day, and Defendant was able to keep track of hours worked by Plaintiff and other employees similarly situated. Defendant

willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

15. Therefore, Defendant CATALINA HOTEL failed to pay Plaintiff CARLOS E. GARCIA overtime hours, according to the provisions of the Fair Labor Standards Act (FLSA). Plaintiff is owed half-time overtime for every hour in excess of 40 that he worked for Defendant.

16. Plaintiff CARLOS E. GARCIA seeks to recover half-time overtime wages that never were paid to him at the mandatory rate of time and a half his regular rate, liquidated damages and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**</u>

18. Plaintiff CARLOS E. GARCIA re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees…

for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendant CATALINA HOTEL was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and operates a bistro-bar. Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

21. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a prep cook, and a line cook, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was engaged in activities which are closely related and directly essential to the production of goods/services. Plaintiff's

activities were directed to the operations of facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

22. Defendant CATALINA HOTEL employed Plaintiff CARLOS E. GARCIA from approximately April 4, 2009, through May 24, 2017, or more than 8 years. However, for FLSA purposes the relevant time of employment is 68 weeks.

23. Plaintiff's relevant period of employment begins on February 2016, to his last day of employment May 24, 2017, period in which Plaintiff was paid a salary.

24. During the relevant time of employment Plaintiff worked as prep cook/line cook for the "Maxine's Bistro & Bar" located at 1756 Collins Avenue, Miami Beach Florida 33139.

25. Plaintiff was a non-exempt, full-time employee, working more than 40 hours every week period. However, Defendants failed to compensate Plaintiff for every overtime hour worked, as required by the Fair Labor Standards Act.

26. Plaintiff was paid a salary of $673.08 from February 2016 to March 31, 2017 (60 weeks); and $903.84 from April 1, 2017 to May 24, 2017 (8 weeks).

27. Plaintiff is not in possession of time records, but as per his recollections, as a salaried employee, he worked a regular schedule for approximately 8 weeks, in which he worked from Wednesday to Sunday from 7:00 AM to 6:00 PM (11 hours), or an average of 55 hours per week.

28. During the remaining weeks of employment (60 weeks), Plaintiff had a completely irregular schedule, and he worked weeks of 5 days and 6 days, but he always worked an average of 55 hours or more. Plaintiff was unable to take bona fide lunch time periods.

29. Plaintiff clocked in and out every day, and Defendant was able to keep track of hours worked by Plaintiff and other employees similarly situated. Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate.

30. Plaintiff was paid bi-weekly with checks accompanied by paystubs reflecting only 40 hours per week.

31. Therefore, Defendant CATALINA HOTEL failed to pay Plaintiff CARLOS E. GARCIA for overtime hours at the rate of time and a half his regular rate for every hour in excess of forty in a week period, as required by the Fair Labor Standards Act, (FLSA).

32. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on Plaintiff's preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. Total amount of alleged unpaid wages:

        Six Thousand Four Hundred Ninety-Three Dollars and 20/100 ($6,493.20)

    b. Calculation of such wages:

Total relevant weeks of employment: 68
Total number of hours worked: 55 hours average weekly
Total number of overtime hours: 15 hours

1. **Calculations for O/T hours from February 1, 2016 to March 31, 2017 = 60 weeks**

    Total relevant weeks of employment: 60
    Total number of hours worked: 55 hours average weekly
    Total number of overtime hours: 15 hours
    Paid: $673.08 weekly: 55 hours = $12.24 an hour x 1.5=$18.36 O/T rate
    O/T rate: $18.36 - $12.24= $6.12 half-time difference

    Half-time $6.12 x 15 hours = $91.80 weekly x 60 weeks = $5,508.00

2. **Calculations for O/T hours from April 1, 2017 to May 24, 2017 = 8 weeks**

    Total relevant weeks of employment: 8
    Total number of hours worked: 55 hours average weekly
    Total number of overtime hours: 15 hours
    Paid: $903.84 weekly: 55 hours = $16.43 an hour x 1.5=$24.64 O/T rate
    O/T rate: $24.64 - $16.43= $8.21 half-time difference

    Half-time $8.21 x 15 hours = $123.15 weekly x 8 weeks = $985.20

    Total #1 and #2: $6,493.20

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents the unpaid half-time overtime.

35. At all times material hereto, the Employer/Defendant CATALINA HOTEL failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendant CATALINA HOTEL knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant NATHAN LIEBERMAN was and is now, the owner/partner/director/general manager of Maxine's Bistro & Bar at CATALINA HOTEL. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CATALINA HOTEL in relation to the employees of CATALINA HOTEL, including Plaintiff and others similarly situated.  Defendant NATHAN LIEBERMAN had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

38. Defendants CATALINA HOTEL and NATHAN LIEBERMAN willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages, as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS E. GARCIA and those similarly-situated respectfully

requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants CATALINA HOTEL and NATHAN LIEBERMAN, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CARLOS E. GARCIA actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS E. GARCIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: August 29, 2017

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*