UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:17-cv-23265-ALTONAGA/GOODMAN

CARLOS E. GARCIA,
and others similarly-situated individuals,

    Plaintiff,

v.

CATALINA HOTEL, LLC
and NATHAN LIEBERMAN
individually,

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

# TABLE OF CONTENTS

Table of Authorities..................................................................................ii

Introduction ………………………………………………………………..1

Legal Argument…………………………………………………………….1

    A. Count I (Wage and Hour Federal Statutory Violation) must be dismissed because Plaintiff was properly paid as an exempt executive employee............3

Conclusion…………………………………………………………………6

Certificate of Service………………………………………………………7

# **TABLE OF AUTHORITIES**

CASES

*Ale v. Tennessee Valley Auth.,*,
269 F. 3d 680 (6th Cir. 2001) ...................................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................... 1,2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007). .................................................................................................. 2

*Chambers v. Sodexo, Inc.*,
510 F. App'x 336 (5th Cir. 2013) ............................................................................. 4

*Fisher v. Residential Realty Servs. Corp.*,
2016 U.S. Dist. LEXIS 163147 (S.D. Fla. Nov. 23, 2016) ....................................... 2

*Prada v. Cuba Tobacco Cigar Co.*,
2017 U.S. Dist. LEXIS 45780 (S.D. Fla. Mar. 27, 2017). ........................................ 2

*Reyes v. Snowcap Creamery, Inc.*,
2014 U.S. Dist. LEXIS 75337 (D. Colo June 2, 2014). ......................................... 3,5

*Scherer v. Compass Grp. USA, Inc.*,
340 F. Supp. 2d 942 (W.D. Wis. 2004)...................................................................4,5

*Scott v. SSP Am., Inc.*,
2011 U.S. Dist. LEXIS 32819 (E.D.N.Y. Mar. 29, 2011). ....................................... 4

*Sinaltrainal v. Coca Cola Co.*,
578 F. 3d 1252, 1260 (11th Cir. 2009) ...................................................................... 2

PATHMAN LEWIS, LLP • ONE BISCAYNE TOWER, SUITE 2400 • 2 SOUTH BISCAYNE BOULEVARD • MIAMI, FL 33131

**STATUTES**

29 U.S.C. §207(a)..................................................................................1

29 U.S.C. § 213....................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)...........................................................................1

Defendant, CATALINA HOTEL, LLC[1] (hereinafter "Defendant"), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Local Rule 7.1, files this, Defendant's Motion to Dismiss and Incorporated Memorandum of Law directed to the Complaint filed by Plaintiff Carlos E. Garcia ("Plaintiff") and in support thereof state:

## I. INTRODUCTION

Plaintiff filed his complaint against Defendant alleging a single count of Wage and Hour Federal Statutory Violation against all Defendants pursuant to 29 U.S.C. §207(a). As established below, the Complaint must be dismissed as to all Defendants because Plaintiff's claims regarding wage and hour violations are without merit.

## II. LEGAL ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "[W]hile the factual allegations set forth in the Complaint are to be

---

[1] Plaintiff has not served Nathan Lieberman with a summons in this action as of the date of filing of this pleading. It is unclear whether Defendant Catalina Hotel, LLC was actually served—as no return of summons as executed has been filed through CM/ECF. However, out of an abundance of caution, Defendant files this responsive pleading.

1

considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the Complaint." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (*citing Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory [or self-serving] statements, do not suffice." *Iqbal*, 556 U.S. at 678. Nor is the Court required to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where plaintiff has not alleged sufficient "'facts to state a claim to relief that is plausible on its face'" or "offers mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" dismissal is appropriate. *Fisher v. Residential Realty Servs. Corp.*, 2016 U.S. Dist. LEXIS 163147 at *2-*3 (S.D. Fla. Nov. 23, 2016) (granting motion to dismiss FLSA claims) (*citing Twombly*, 550 U.S. at 570 and 555). *See also Prada v. Cuba Tobacco Cigar Co.*, 2017 U.S. Dist. LEXIS 45780 (S.D. Fla. Mar. 27, 2017) (dismissing FLSA claims for failure to adequately allege elements).[2]

---

[2] Plaintiff's Complaint is replete with labels, conclusions and a formulaic recitation of the elements but no specifics in support of the instant claim. For example, Paragraph 20 of the Complaint states in part: "The Defendant provides lodging services to the general public and operates a bistro-bar. Defendant employed more than two employees engaged in interstate commerce. Through its business activity, Defendant affects interstate commerce." Such a recitation is inconsistent with Plaintiff's obligations to set forth sufficient facts for relief. *See Fisher*, 2016 U.S. Dist. LEXIS 163147 at *2-*3.

2

### A. Count I (Wage and Hour Federal Statutory Violation) must be dismissed because Plaintiff was properly paid as an exempt executive employee.

FLSA mandates that covered employers pay overtime to non-exempt employees for work performed in excess of 40 hours per work period at time and a half of their hourly salary. Plaintiff's Complaint alleges that "[d]uring the relevant time of employment worked as a prep cook/line cook for the "Maxine's Bar & Bistro" located at 1756 Collins Avenue, Miami Beach, Florida 33139." [Para. 24, D.E. 1]. Defendant agrees that if Plaintiff's only position at the Bistro was as a line cook, he would be a non-exempt employee entitled to overtime. However, Plaintiff failed to inform the Court that he was promoted to the position of Kitchen Manager, and held that position from February 15, 2016 to the end of his employment.[3] The position of Kitchen Manager made him an exempt executive employee, not eligible for overtime under FLSA. *Reyes v. Snowcap Creamery, Inc.*, 2014 U.S. Dist. LEXIS 75337, at *13-14 (D. Colo. June 2, 2014) (line cook promoted to kitchen manager "was an exempt executive/manager who was not entitled to overtime when he was a Kitchen Manager").

---

[3] On or about February 15, 2016 the Plaintiff was promoted to Kitchen Supervisor/Manager and given an annual salary of $35,000. *See*, Exhibit A attached to the Response to Plaintiff's Statement of Claim filed contemporaneously with the Instant Motion. On or about March 25, 2017 the Plaintiff was given a raise to an annual salary of $47,000. *See*, Exhibit B attached to the Response to Plaintiff's Statement of Claim.

3

Courts have long found that where a cook or chef undertakes management and administrative duties along with actual food preparation, that employee is properly classified as an exempt employee. *See, e.g., Scott v. SSP Am., Inc.*, 2011 U.S. Dist. LEXIS 32819 (E.D.N.Y. Mar. 29, 2011) (finding manager of restaurants at JFK food court to be exempt even though she performed some non-managerial tasks); *Scherer v. Compass Grp. USA, Inc.*, 340 F. Supp.2d 942, 943 (W.D. Wis. 2004) (food preparer was still exempt employee because he undertook supervision of other kitchen staff members in addition to cooking). Plaintiff, like the cook in *Scherer*, was properly classified as an exempt employee upon his promotion to Kitchen Manager because he supervised other employees while he cooked, exercised discretion on a daily basis in managing the Bistro's kitchen and was paid more generously than hourly employees with whom he worked. *Id.* at 953-54. *See also Chambers v. Sodexo, Inc.*, 510 F. App'x 336, 339 (5th Cir. 2013) (affirming summary judgment for employer where evidence showed that employee exercised management duties by directing staff and supervising cooking even when he was involved in the actual meal preparation).

As noted above Plaintiff was at all times relevant a salaried Kitchen Supervisor/Manager, and is therefore employed in a bona fide executive or administrative capacity and exempt from Section 207 of the Fair Labor Standards

Act. *See*, Fair Labor Standards Act, 29 U.S.C. § 213. Plaintiff never alleges he was not paid his salary, but only that he was not paid overtime (Comp. ¶9, 11), to which he is not entitled. *See, e.g., Scherer*, 340 F. Supp.2d at 954. Plaintiff's attempt to "de-emphasize" his exercise of managerial responsibilities by labeling his position as "line cook" is unavailing because mere labels are insufficient to provide guidance or direction to courts determining employees' status. *See generally Ale v. Tennessee Valley Auth.*, 269 F.3d 680, 689 (6th Cir. 2001) (recognizing that general job descriptions or self-attached labels are not determinative for purposes of determining whether an employee satisfied the exemptions). Moreover, courts will not let employees deny the changes wrought by a promotion to an exempt position by claiming the benefit of a former, non-exempt title. *See generally Reyes*, 2014 U.S. Dist. LEXIS 75337, at *14 (recognizing that promotion from line cook to "Kitchen Manager" rendered employee exempt from FLSA overtime as of the effective date of his promotion).

As noted above, Plaintiff was paid a regular salary of $35,000 (and later $47,000) as a Kitchen Supervisor/Manager. *See*, Exhibits A and B to the Response to Plaintiff's Statement of Claim. In that role, Plaintiff regularly supervised two or more other employees, primarily managed and supervised the kitchen and kitchen staff, and had some genuine input into the job status of other employees. *See*,

5

Sworn Statement of Chris Rollins attached as Exhibit C to the Response to Plaintiff's Statement of Claim. Accordingly, Plaintiff is exempt under Section 213 of the FLSA and not entitled to the relief he seeks. Defendants request this Court dismiss the action for failing to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, the Court should (i) dismiss Count I of this action with prejudice; (ii) award Defendant reasonable attorneys' fees and costs; and (iii) grant all other relief it deems just and proper.

## Certificate of Service

I HEREBY CERTIFY that on this the 20th day of September, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Dated, this the 20th day of September, 2017.

>
> Respectfully Submitted,
>
> PATHMAN LEWIS, LLP
> *Attorneys for Defendant*
> One Biscayne Tower, Suite 2400
> Two S. Biscayne Boulevard
> Miami, Florida 33131
> Phone No: (305) 379-2425
> Fax No: (305) 379-2420
>
> By: /s/ Aaron W. Tandy
> **JOHN A. MOORE, ESQ.**
> Florida Bar No.: 91820
> jmoore@pathmanlewis.com
> **AARON W. TANDY, ESQ.**
> Florida Bar No.: 190144
> atandy@pathmanlewis.com

7

        Frederick Kuykendall*
        Of counsel
        KUYKENDALL & ASSOCIATES, L.L.C.
        P.O. Box 2129
        Fairhope, Alabama 36533
        Phone No: (205) 252-6127
        Fax No: (205) 449-1132
        ftk@thekuykendallgroup.com
        *Attorney for the Defendant*
        **Pro Hac Vice Application Pending*

## SERVICE LIST

### *GARCIA v. CATALINA HOTEL, LLC*
### Case No. 1:17-cv-23265-Altonaga/Goodman

**Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156