# SETTLEMENT AGREEMENT & GENERAL RELEASE

THIS SETTLEMENT AGREEMENT (the "Agreement") is made this 22nd day of January 2018, by and between Plaintiff, CARLOS GARCIA ("Plaintiff" or "Garcia") and Defendant CATALINA HOTEL, LLC ("Defendant" or "Catalina"). The term Defendant shall also collectively include all past and present parents, successors in interest and assigns, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, affiliates, related companies, and its current or former officers, agents, representatives, fiduciaries, administrators, directors, stockholders, attorneys, owners, shareholders, members, agents, partners, or employees, in both their individual and official capacities. The Plaintiff and Defendant will be collectively referred to in this agreement as the "Parties."

## RECITALS

**WHEREAS**, on or about August 29, 2017 Plaintiff, through his attorney, filed a lawsuit in the United States District Court, Southern District of Florida (Case No: 2017-CV-23265-CMA) which alleged that Defendant (along with dismissed defendant Nathan Lieberman) violated the Fair Labor Standards Act, 29 U.S.C § 201-219 ("FLSA") (the "Lawsuit");

**WHEREAS,** Defendant denies any liability toward Plaintiff, and denies any wrongdoing whatsoever.

**WHEREAS**, for purposes of avoiding costly litigation and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties desire to compromise, fully and finally settle, any and all actual or potential claims, that Plaintiff may have against Defendant, including but not limited to those claims raised, or which could have been raised, in the Lawsuit; and

**NOW, THEREFORE,** in consideration of the mutual promises and agreements set out herein, Plaintiff and Defendant agree as follows:

**1.** **Dismissal of Lawsuit.** Promptly after the Parties' sign this Agreement, the Parties shall jointly file a Motion requesting the Court in the Lawsuit approve this Agreement and to dismiss the Lawsuit with prejudice as to Defendant. The Parties shall also request the Court to retain jurisdiction to enforce the terms of this Agreement.

**2.** **Consideration Paid to Plaintiff:** Defendant shall pay to Plaintiff and his counsel the gross amount of six thousand dollars and zero cents (**$6,000.00**) (the "Settlement Amount"), inclusive of backpay, liquidated damages, consideration for a release of the FLSA claims and a separate release of general claims, and attorney's fees and costs.

The Settlement Amount shall be paid as follows: (1) $500.00, less applicable withholdings, as backpay made payable to Garcia, paid within ten business days of the Court approving this Agreement ("Backpay"); (2) $500.00, less applicable withholdings, as liquidated damages made payable to Garcia, paid within ten business days of the Court approving this Agreement ("Liquidated Damages"); (3) $500.00 in consideration for the release of non-FLSA claims; and (4) $4,500.00 for attorneys' fees and costs made payable to Plaintiff's counsel Zandro E. Palma, P.A., paid within ten business days of the Court approving this Agreement ("Fees and Costs").

If any of the above payments' due dates fall on a legal holiday or weekend, said payments would be due the next business day. Plaintiff shall receive an IRS Form W-2 for the payment of Backpay and Liquidated Damages and a Form 1099 for payment made as consideration for the release of non-FLSA claims.

This Agreement is contingent upon the Court approving the Agreement as to the amount being paid to Plaintiff. If the Court does not approve the amount being paid to Plaintiff's counsel for Fees and Costs, Plaintiff's counsel shall agree to accept the reduced amount of Fees and Costs that the Court in the Lawsuit deems appropriate.

3. **Tax Forms and Liability:** Plaintiff agrees that he shall be liable for any and all taxes, if any, which may be due as a result of the consideration received from the settlement of the disputed claims set forth in this Agreement. Contemporaneous with the execution of this agreement, the Plaintiff and his attorney shall provide to the Defendant executed IRS Form W-9's with their current addresses.

4. **No Representations by Defendant**. Defendant makes no representations regarding the tax obligations that may arise to Plaintiff from the Settlement Amount. The Parties agree and acknowledge that Plaintiff would not be entitled to this Settlement Amount but for this Agreement.

5. **Representations by Plaintiff**. Plaintiff warrants and represents that the time records provided by Defendant during the Lawsuit accurately reflected the time worked by Plaintiff. Plaintiff also warrants and represents that he resigned from his employment with Defendant. Plaintiff further warrants and represents that he does not have any other known claims against the Defendant under any federal, state or common law. Plaintiff warrants and represents he has discussed this with his attorney prior to signing this Agreement and has been made fully aware of any rights he may have under the FLSA or any state or local wage law, and that he does not in fact have any such claim.

6. **Release of Claims.** In exchange for the consideration described in this Agreement, the Plaintiff irrevocably, knowingly, and voluntarily releases, waives, and forever

discharges any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which Plaintiff has or may have against Defendant and certain non-parties, WHITELAW HOTEL SOUTH BEACH LLC, CHESTERFIELD HOTEL & SUITES LLC, HOTEL SHELLEY LLC, HOTEL CHELSEA SOUTH BEACH LLC, PCCO INC., SOUTH BEACH GROUP HOTELS INC., ALAN LIEBERMAN and DIANE LIEBERMAN in their individual capacities, CATALINA HALNAT LLC, METROPOLE HOTEL APARTMENTS LLC, CATALINA DORSET LLC, HARDING HOTEL LLC, CATALINA HOTEL LLC, METROPOLE APARTMENT HOTEL LLC, MUSEUM WALK APARTMENTS LLC, SUNBRITE APARTMENTS LLC, SUNSET APRTMENTS LLC, RIVIERA LOFTS LLC, and any properties affiliated with the aforementioned persons or entities, STEPHANIE BALAZS, CHRIS ROLLINS, NATHAN LIEBERMAN, and each of the above referenced individuals and entities' respective agents, owners, members, partners, spouses, shareholders, officers, directors, employees, attorneys, successors, assigns, and affiliates (collectively the "Defendant Releasees"), from the beginning of the world until the effective date of this Agreement, based on any claims, known or unknown, as more fully described herein.

The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendant Releasees concerning Plaintiff's employment, wages, and separation from employment with Defendant Releasees.

The disputes released by Plaintiff include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiff could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses

(including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released include, but are not limited to, any claim(s) under:

- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- The Florida Civil Rights Act of 1992;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Constitutions of the United States and the State of Florida;
- The Employee Retirement Income Security Act of 1974;
- The Florida Health Insurance Coverage Continuation Act;
- The Florida Wage Discrimination Law;
- Florida Wage and Hour laws;
- Any Florida or federal whistleblower laws;
- The Internal Revenue Code;
- The Rehabilitation Act;
- The Consolidated Omnibus Budget Reconciliation Act;
- The Immigration Reform and Control Act of 1986;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act, including the Older Workers Benefit Protection Act;
- The Fair Labor Standards Act;
- The Equal Pay Act of 1963;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The National Labor Relations Act; or
- Any other federal, state, or local civil or human rights law or any other federal, state, or local law, regulation, or ordinance.

The disputes released also include any and all disputes Plaintiff believes to have against Defendant Releasees in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released. The Parties intend that the disputes Plaintiff is releasing be construed as broadly as possible to cover any and all disputes Plaintiff may have or believe to have against Defendant Releasees. In that regard, Plaintiff further acknowledges that Plaintiff may later discover facts in addition to or different from those which Plaintiff now knows or believes to be true. Plaintiff agrees that any such difference in the facts shall not affect this Agreement; that Plaintiff assumes the risk of any such difference in the facts; and that Plaintiff further agrees that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Except for the requirements set forth in section 2 of this Agreement, Plaintiff understands that nothing in this Agreement prohibits him from filing a charge with or participating in any investigation or proceeding before any federal, state or local governmental agency such as the Equal Employment Opportunity Commission and does not prohibit him from challenging the validity of the waiver and release set forth herein. However, Plaintiff agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the United States Department of Labor, or any other (U.S. or foreign) federal, state, or local agency or department. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released herein.

7. **No Admission of Liability:** Defendant expressly denies any liability whatsoever and agrees that this Agreement is tendered to resolve all issues currently pending. Further, all Parties agree that entering into this Agreement shall not be construed as an admission by Defendant of any violation of contract, duty, law, ordinance, regulation or any other theory of relief whether federal, state or local. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendant Releasees, however, may file this Agreement in any action that may be brought against any or all of them in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to enforce the terms of this Agreement.

8. **Intention to Avoid Dispute:** Each Party has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

9. **No Assignment:** Plaintiff represents, covenants and warrants that he has not directly or indirectly assigned, transferred, encumbered, or purported, to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Agreement.

10. **Neutral Reference and No Rehire:** Plaintiff agrees and acknowledges that he will not seek employment in any capacity with Defendant Releasees, or any business owned or operated by Defendant Releasees, at any time in the future, and that Defendant Releasees have

no obligation to rehire Plaintiff, and that Defendant Releasees' failure or refusal to hire Plaintiff shall not be deemed retaliation. The Parties agree that in the event a prospective employer contacts Defendants in relation to Plaintiff's employment status, Defendants shall provide a neutral reference by providing Plaintiff's start and end dates and positions held.

**11. Confidentiality**. Except as otherwise set forth in this paragraph, Plaintiff agrees that he will keep strictly confidential this Agreement and the terms and conditions of this Agreement. If inquiries arise concerning this Agreement or the Lawsuit, Plaintiff may reply that "the matter has been resolved," but shall make no other comment. The only exceptions to the restrictions set forth in this paragraph shall be a disclosure required by a court order, or disclosure made by Plaintiff to his respective attorneys, immediate family and/or tax advisor, on the condition that any disclosure by them to any other persons shall be deemed a violation of this Agreement. The Parties' shall file a motion requesting the Court to approve the terms of this Agreement and shall attach a copy of the Agreement to the motion. The Parties shall also include in the joint motion for approval a breakdown of the Settlement Amount, a discussion of the defenses in this case, and the fact that Defendant is not admitting any liability or wrongdoing in entering into this Agreement. The filing of the Joint Motion for approval and submittal of the Agreement to the Court shall not be deemed a breach of this provision.

**12. Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida, and where applicable, federal law.

**13. Enforcement of Agreement:** The Parties agree that the Court in the Lawsuit shall retain jurisdiction to enforce the terms of this Agreement, unless said Court refuses to retain jurisdiction, in which case this Agreement shall be enforceable in the appropriate court in

Miami-Dade County, Florida. In any action to enforce the provisions of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

**14.** **Severability:** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or application of this Agreement and to this end the provisions of this Agreement are declared severable.

**15.** **Parties Represented by Counsel:** This Agreement is not to be construed against any party. All Parties were represented by counsel and participated in the drafting of this Agreement.

**16.** **Execution:** This Agreement shall become effective upon the date the last signatory executes this Agreement. This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted via email or facsimile, shall be effective and binding as if it were the originally executed document.

**17.** **Entire Agreement.** All Parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All Parties represent and agree that this is an all-inclusive Agreement and that no other written, oral and/or implied representations, promises or agreements exist between them regarding the subject matter set forth in this Agreement. All Parties represent and agree that this Agreement is a single integrated contract expressing the entire agreement of the Parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by all Parties.

**EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT. EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT, UNDERSTANDS ALL OF ITS PROVISIONS AND FREELY AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. IN THE EVENT OF ANY**

**DISPUTE OVER THIS AGREEMENT ALL PARTIES EXPRESSLY WAIVE THEIR RIGHT TO A TRIAL BY JURY.**

**THIS MEDIATED SETTLEMENT AGREEMENT HAS BEEN TRANSLATED FROM ENGLISH INTO SPANISH BY ZANDRO PALMA FOR THE BENEFIT OF THE PLAINTIFF. BY HIS SIGNATURE BELOW, CARLOS GARCIA AFFIRMS THAT HE UNDERSTANDS, ACCEPTS, AND AGREES WITH ALL OF THE TERMS OF THE MEDIATED SETTLEMENT AGREEMENT.**

**ESTE CONCILIACIÓ JUDICIAL HA SIDO TRADUCIDO DÉL INGLÉS AL ESPANOL POR LINDA DUNLAP A BENEFICIO DE LA DEMANDANTE. AL FIRMAR ABAJO, ZANDRO PALMA DECLARA QUE ELLA ENTIENE, ACEPTA, Y ESTA DE ACUERDO CON TODOS LOS TERMINOS DE LA CONCILIACION JUDICIAL MEDIADA.**

**AGREED TO AND ACCEPTED:**

______________________________
CARLOS GARCIA (Plaintiff)

Date: 01/22/18

______________________________
CATALINA HOTEL, LLC (Defendant)

Print Name: CHRIS ROLLINS
Its: VP
Date: 1-22-18